UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARAH BRUCE,

        Plaintiff,

v.

KILITCH HEALTHCARE INDIA, LTD., *et al.*.,

        Defendants.

Case No. 24-2397-DDC-BGS

### MEMORANDUM & ORDER ON MOTION FOR JURISDICTIONAL DISCOVERY

NOW BEFORE THE COURT is Plaintiff's "Motion for Jurisdictional Discovery." (Doc. 34.) Therein, Plaintiff moves for an Order allowing her counsel to conduct limited jurisdictional discovery regarding Defendants Kilitch Healthcare India, Ltd. ("Kilitch") and Velocity Pharma, LLC ("Velocity") in order to "respond fully" to Motions to Dismiss filed by these Defendants.[1] Kilitch and Velocity have moved to dismiss the claims against them, alleging a lack of personal jurisdiction. (Docs. 22, 24.) Plaintiff argues that "[g]iven that minimal public information is available as to either Defendant, Plaintiff needs jurisdictional discovery to respond fully to these motions." (Doc. 34, at 1.) For the reasons set forth herein, Plaintiff's motion is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff's Amended Complaint brings claims for products liability, a violation of the Kansas Consumer Protection Act, and loss of consortium as a result of Defendants' alleged acts and omissions as to the manufacturing, marketing, advertising, labeling, distribution, and sale of allegedly defective eye drops. (*See generally* Doc. 5.) She alleges that she purchased "Up&Up" branded eyedrops, which are a Target brand, from a Target store in Kansas City, Kansas in September 2022.

---

[1] Target Corporation ("Target") is also a Defendant herein. While Target was initially thought to not be involved in this dispute because it did not file a Motion to Dismiss, Plaintiff has indicated she will potentially request discovery from Target relating to Defendants Kilitch and Velocity.

According to Plaintiff, contractual agreements between Kilitch and/or Velocity and Target caused the product that injured [her] to be sold at a Target store in Kansas City, Kansas. (*Id.*, at ¶ 26.)

Plaintiff alleges that she used the eye drops "consistent with the product's instructions/directions," but shortly after doing so, she "began experiencing loss of vision, pain, aches, and discharge in her right eye, as well as headaches." (Doc. 34, at 2.) She continues that after treatment, she "learned that she had developed a severe corneal ulcer infection, as result of using the Up&Up eyedrops." (*Id.*) She contends she has been subjected to pain and suffering, a loss of vision, scarring and disfigurement of her eye, medical expenses, loss of services, and lost wages. (*Id.*) According to Plaintiff, the FDA recalled these eyedrops in October 2023 "and warned consumers not to purchase or use them." (*Id.*) She alleges that the FDA found "insanitary conditions in the manufacturing facility and positive bacterial test results from environmental sampling of critical drug production areas in the facility." (Doc. 5, at ¶ 22.)

In her Amended Complaint, Plaintiff alleges that this Court has personal jurisdiction "over all Defendants" because

> each of them[ ] have conducted and do business in the State of Kansas, have induced acts in the State of Kansas, have substantial and continuing contact with the State of Kansas by marketing, promoting, distributing, and selling the Product at issue herein … to consumers in the State of Kansas on a regular and consistent basis. Further, Defendants have minimum contacts with, have purposefully directed their activities toward, and have committed a tort(s) in the State of Kansas such that taking jurisdiction over them would not offend traditional notions of fair play and substantial justice.

(*Id.*, at ¶ 7.)

The Motion to Dismiss filed by Kilitch generally argues that Plaintiff's Complaint fails to establish "how an Indian corporation halfway across the world that has neither conducted business in Kansas nor made a single contact, let alone sufficient minimum contacts, with Kansas is responsible for her alleged injuries." (Doc. 22-1, at 3-4.) Kilitch continues that "Plaintiff's

2

jurisdictional allegations are no more than shotgun pleadings directed toward all Defendants without specifying each Defendant's contacts and actions within Kansas." (*Id.*)

Velocity's Motion to Dismiss raises similar issues, arguing that it was improper for Plaintiff to allege the Court's personal jurisdiction over it "based on [this] vague and boilerplate allegation … ." (Doc. 24, at 7.) Velocity continues that it "did not sell or distribute the product at issue in this case in Kansas," thus Plaintiff "has no proof of activities within Kansas meeting the standard of purposeful availment and proof that purposeful availment was causally connected to the alleged injury." (*Id.*)

In conjunction with their Motions to Dismiss, Defendants Kilitch and Velocity both filed succinct declarations from a corporate officer. The Kilitch declaration was from its Director Divya Mehta, who indicates Kilitch manufactured the eyedrops at issue. (Doc. 22-2, at ¶ 2.) Mehta claims that Kilitch has no business operations in the United States generally or Kansas specifically and did not engage in any business in the United States or Kansas related to these eyedrops. (*Id.*, at ¶¶ 4-5.) That stated, Mehta's declaration indicates that Kilitch manufactures the eyedrops and then sends the product to Velocity in the United States. (*Id.* at ¶¶ 8-9.) This declaration is silent as to the relationship between Kilitch and Target as well as Kilitch's knowledge regarding where the product would be sold. (*See generally id.*)

The Velocity declaration is that of its CEO, Ankur Shah. (Doc. 24-1, at ¶ 2). According to Shah, Velocity is an LLC organized and with its principal place of business in New York. (*Id.* at ¶ 3). He admits that Velocity distributed the eyedrops at issue to Target, which were picked up by Target from Velocity's warehouse in New York and not shipped by Velocity to any location in Kansas. (*Id.*, at ¶ 4.) The declaration is otherwise silent as to Velocity's relationship with Target as well as Velocity's knowledge regarding where the product was sold. (*See generally id.*)

## ANALYSIS

3

**I.**     **Legal Standard.**

Because federal courts are courts of limited jurisdiction, "there is a presumption against … jurisdiction … ." *Penteco Corp. P'ship – 1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). In bringing her claims in federal court, "Plaintiff bears the burden of establishing personal jurisdiction over the defendant[s]." *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988). *See also Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (holding, in the context of affirming a dismissal for lack of personal jurisdiction, that "when the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists") (citations omitted). That stated, a plaintiff's burden to do so at this stage of the litigation is light. *Doe v. National Medical Servs.*, 974 F.2d 143, 145 (10th Cir.1992) (affirming the District Court's dismissal for lack of personal jurisdiction).

In establishing personal jurisdiction, "[t]he allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Wenz*, 55 F.3d at 1505 (citation omitted). *See also Echtinaw v. Lappin*, 08-3011-KHV, No. 2009 WL 604131, at \*6 (in the context of deciding a motion to dismiss for lack of personal jurisdiction) (citation omitted). Defendants Kilitch and Velocity have, however, submitted affidavits that controvert Plaintiff's jurisdictional allegations and support their Defendants' position that this Court lacks personal jurisdiction over them. (*See* Docs. 22-2, 24-1, 37-1.)

Thus, Plaintiff must establish a *prima facie* showing of jurisdiction and may do so by submitting an "affidavit or other written materials [containing] facts that if true would support jurisdiction over" Defendants Kilitch and Velocity. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and "the plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* In the present case, Plaintiff

4

has not submitted any affidavits or evidence to support her jurisdictional allegations. Further, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976).

<u>Because Plaintiff has provided no evidence or sworn affidavits to establish jurisdiction, she brings the present motion requesting leave to conduct jurisdictional discovery, asserting that "minimal public information is available as to either Defendant, [so] Plaintiff needs jurisdictional discovery to respond fully to these [dispositive] motions." (Doc. 34, at 1.)</u> "District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (internal quotations and citations omitted); *see also Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1250 (D. Colo. 2021) ("A district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, yet such discovery is discretionary."). A court denying a jurisdictional discovery request may be an abuse of discretion where the party seeking discovery is prejudiced by the denial. *Dental Dynamics*, 946 F.3d at 1233 (citing *Dutcher v. Matheson*, 840 F.3d 1183, 1195 (10th Cir. 2016) and *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)).

Courts in this District and the Tenth Circuit frequently grant requests for jurisdictional discovery before ruling on motions to dismiss for lack of personal jurisdiction. *See XMission L.C. v. PureHealth Rsch.*, 105 F.4th 1300 at n.1; *GCIU-Emp. Ret. Fund v. Coleridge Fine Arts*, 700 F. App'x 865, 871 (10th Cir. 2017) (finding a District Court abused its discretion by failing to allow jurisdictional discovery); *Progressive Nw. Ins. Co. v. New Horizons RV Corp.*, No. 23-2083-JWB, 2023 WL 7323321, at *4 (D. Kan. Nov. 7, 2023) (noting that while the plaintiff was offered jurisdictional discovery, it did

not develop the necessary facts); *Tomelleri v. MEDL Mobile, Inc.*, No. 2:14-CV-02113-JAR, 2015 WL 1957801, at *1 (D. Kan. Apr. 29, 2015), *aff'd*, 657 F. App'x 793 (10th Cir. 2016).

A recent decision from this District summarizes the legal standards regarding a motion for jurisdictional discovery:

> ' 'When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.' ' *GCIU-Emp. Ret. Fund v. Coleridge Fine Arts*, 700 F. App'x 865, 871 (10th Cir. 2017) (quoting *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). The court 'may not refuse to grant jurisdictional discovery 'if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary." *Proud Veterans, LLC v. Ben-Menashe*, No. 12-CV-1126-JAR, 2012 WL 6681888, at *1 (D. Kan. Dec. 21, 2012) (quoting *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006)). The court should permit jurisdictional discovery unless plaintiffs' personal jurisdiction claims are 'clearly frivolous.' *7240 Shawnee Mission Holding, LLC v. Memon*, No. 08-2207-JWL, 2008 WL 4001159, at *4 (D. Kan. Aug. 26, 2008).

*Edgar v. Teva Pharm Industs., Ltd.*, No.22-2501-DDC-TJJ, 2024 WL 1282785, at *1-2 (D. Kan. March 26, 2024). That stated, a court should deny a request for expedited jurisdictional discovery that is merely designed to help a plaintiff meet his or her threshold burden of establishing that the Court has personal jurisdiction over a case. *American Covers, Inc. v. Serious Scents, Inc.*, No. 13-1032, 2014 WL 4956353, *6 (D. Utah Oct. 1, 2014); *see also Guzman v. Well Health Labs LLC*, No. 22-2229-JWB-RES, 2022 WL 17830765, at *2 (D. Kan. July 22, 2022) (so held in the context of a case alleging diversity jurisdiction).

## II. Application of Legal Standard to Facts Involving Defendants Kilitch and Velocity.

Plaintiff concedes that general jurisdiction likely does not apply to Defendants Kilitch and Velocity, but that specific jurisdiction might be applicable. (Doc. 34, at 6.) She acknowledges that the "caselaw on personal jurisdiction … is confusing at best," but contends that "every opinion" she researched holds that "if any Defendant targeted Kansas in some way, it would be subject to specific jurisdiction here." (*Id.*, at 6, 8.) Plaintiff argues that while "[t]he law does not require [her] to show

6

controverted or inadequate facts," which is "the standard for when it would be an abuse of discretion to deny jurisdictional discovery," she can make those showings regardless. (*Id.*, at 5.) As to disputed facts, Plaintiff asserts that Defendants Kilitch and Velocity

> 'knew and expected, or foreseeably should have known and expected, that said Product would end up in the State of Kansas and strategically targeted consumers therein.'[2] … If true, that allegation would strongly support Plaintiff's argument on the ultimate legal test, which is whether '(1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum State, and (2) the plaintiff's alleged injuries arise out of or relate to those activities.' *XMission*, 105 F.4th at 1308 (quotations omitted). While the Defendants' brief and declarations do not dispute that allegation word-for-word, they clearly are written to create the impression that neither Kilitch nor Velocity targeted consumers in Kansas. … Thus, there is already a factual dispute as to whether these Defendants targeted Kansas, and more factual disputes likely would materialize through discovery.

(*Id.*, at 5-6.)

Defendant Kilitch argues that the motion should be denied because " (1) [Plaintiff] fails to make a *prima facie* case for specific personal jurisdiction; (2) jurisdictional discovery is not an after-the-fact substitute for Plaintiff's required *prima facie* showing; (3) there is no prejudice to Plaintiff if jurisdictional discovery is denied at this juncture; and (4) jurisdictional discovery would be unfairly prejudicial to Kilitch, as well as burdensome to all Parties and the Court." (Doc. 37, at 2.) Defendant Velocity also argues that Plaintiff has failed to make a *prima facie* showing of personal jurisdiction. (Doc. 38, at 3.) Velocity contends that "plaintiff has taken an impermissible approach to jurisdiction, naming [it] without alleging any facts that support jurisdiction over it, and now asks for permission to conduct jurisdictional discovery on topics that are not relevant to the jurisdictional question, and therefore will not bring about a different result." (*Id.*, at 2.) Velocity continues that "[f]orcing [it] to engage in discovery, including a deposition, is unnecessary and unreasonably

---

[2] (Doc. 5, at ¶¶ 5, 6.)

burdensome under these circumstances," and thus Plaintiff's request for jurisdictional discovery should be denied. (*Id.*)

As discussed above, to establish a *prima facie* case of jurisdiction, Plaintiff must demonstrate, "via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *First Magnus Fin. Corp. v. Star Equity Funding, LLC*, No. 06-2426-JWL, 2007 WL 635312, at *5 (D. Kan. Feb. 27, 2007) (citing *OMI Holdings,* 149 F.3d at 1091). To rebut a *prima facie* showing of jurisdiction, Defendants "'must present a compelling case demonstrating that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (citation omitted). In engaging in this analysis, the Court "must resolve all factual disputes in favor of the plaintiff." *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004).

Within this framework, the Court finds that Plaintiff has failed to establish a *prima facie* showing of jurisdiction over her claims against Defendants Kilitch and Velocity. There is no discussion of a *prima facie* showing in Plaintiff's underlying motion. (*See generally* Doc. 34.) Plaintiff does not even substantively address this argument in her replies to the response briefs filed by Kilitch and Velocity. (*See* Doc. 44.) In her reply to Velocity, Plaintiff merely states "while Plaintiff has a burden to make a '*prima facie* showing' to support jurisdictional discovery, that standard is not high and this Court has broad discretion to allow for discovery." (Doc. 43, at 1.) There is no actual discussion by Plaintiff of what the *prima facie* standard is and/or how she arguably could have met it. Instead, Plaintiff focuses on whether or not her motion is "frivolous." (*Id.*, at 2.) Plaintiff does not demonstrate, "via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *First Magnus Fin. Corp.*, 2007 WL 635312, at *5 (citation omitted). Further, Plaintiff fails to controvert any of the facts set forth in Defendants' affidavits setting out the alleged lack of contacts with Kansas. *Sweeney v. Ivanti, Inc.*, No. 21-2540-JAR-TJJ, 2022 WL 3541757, at *5 (D. Kan. Aug. 18, 2022).

Simply stated, Plaintiff's request appears to be nothing more than an "'attempt to utilize jurisdictional discovery as a means to rectify [her] own deficient jurisdictional allegations.'" *Village Townhomes v. Allied World Surplus Lines Ins. Co.*, No. 23-2369-JAR-BGS, 2023 WL 6931333, at *1 (D. Kan. Sept. 26, 2023) (refusing jurisdictional discovery requested by a Defendant in a case removed to federal court). This Court has previously found this to be "'an improper and abusive use of the discovery process.'" *Id.* As such, the Court **DENIES** Plaintiff's motion.[3]

IT IS SO ORDERED.

Dated March 26, 2025, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
U.S. Magistrate Judge

---

[3] There is no jurisdictional issue regarding Defendant Target as it answered the operative Complaint (Doc. 11) and did not file a Rule 12(b)(2) Motion to Dismiss. Plaintiff has, however, indicated that she "may need to seek a small amount of discovery from Target that will bear on the motions filed by the other Defendants." (Doc. 34, at 9, n.4.) Because the Court has denied Plaintiff's request for jurisdictional discovery as to Defendants Kilitch and Velocity, the Court finds there is no need to address a request for jurisdictional discovery directed at Defendant Target regarding Defendants Kilitch and Velocity.